UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TONY COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18CV2140 RLW |
| | ) |
| SAF-HOLLAND, INC., et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Tony Cook's Motion to Remand. (ECF No. 10) Defendants SAF-Holland, Inc. and Mary C. Brown filed a Memorandum in Opposition. (ECF No. 13) Plaintiff did not file a reply memorandum within the time set by this district's local rules, and the time to do so has since passed. E.D.Mo. L.R. 4.01(C). After careful consideration, the Court denies the motion.

## BACKGROUND

Plaintiff Tony Cook originally filed this case in the Circuit Court of Warren County, alleging he was terminated by Defendant SAF-Holland, Inc. with participation by its human resource administrator, Mary C. Brown (collectively referred to as "Defendants"), in violation of the Missouri Human Rights Act (MHRA). (Pet., ECF No. 2) Plaintiff alleges Defendants failed to provide a reasonable accommodation for his disability and that his disability was a contributing factor in Defendants' decision to terminate him. (*Id.* at ¶¶ 24-25)

On December 16, 2018, Defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1331 and 1441(a). (ECF No. 1) During his employment, Plaintiff was represented by a labor union that had a collective bargaining agreement ("CBA") with SAF-Holland, Inc. (*Id.* at

¶¶ 7-8) According to Defendants, Plaintiff's state law claims are completely preempted under Section 301 of the Labor Relations Management Act (LMRA), 29 U.S.C. § 185(a) and give rise to federal question jurisdiction in this Court. Plaintiff disagrees and has filed the instant Motion to Remand. (ECF No. 10)

On February 4, 2019, the Court granted the parties' Joint Motion to Stay Rule 16 Conference and stated it would reschedule the Rule 16 Conference, if necessary, and order the parties to submit an amended joint proposed scheduling plan after it ruled on the motion to remand.

## **LEGAL STANDARD**

A party may remove an action to federal court only if it could have been brought in federal court originally. *Junk v. Terminix Int'l Co*, 628 F.3d 439, 444 (8th Cir. 2010) (citing 28 U.S.C. § 1441(a)-(b)). In removal cases, the Court reviews the state court petition and the notice of removal in order to determine whether it has jurisdiction. *Branch v. Wheaton Van Lines, Inc.*, No. 4:14CV01735 AGF, 2014 WL 6461372, at *1 (E.D. Mo. Nov. 17, 2014). "Where the defendant seeks to invoke federal jurisdiction through removal, . . . it bears the burden of proving that the jurisdictional threshold is satisfied." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "[A] case is ordinarily not removable on federal question grounds unless the federal question is presented on the face of the plaintiff's complaint." *Kaufman v. Boone Ctr., Inc.*, No. 4:11CV286 CDP, 2011 WL 1564052, at *1 (E.D. Mo. Apr. 25, 2011). A plaintiff may move to remand the case if the district court lacks subject matter jurisdiction. *Junk*, 628 F.3d at 444 (citing 28 U.S.C. § 1447(c)). District courts are to resolve all doubts regarding federal jurisdiction in favor of remand. *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015).

## DISCUSSION

Defendants argue Plaintiff's claim is preempted by the LMRA because resolution of his claim depends on interpretation of the CBA regarding its provisions on "attendance" and "leaves of absence." (Notice of Removal ¶ 36, ECF No. 1) To determine whether Plaintiff's claim is preempted, the Court must evaluate whether interpretation of a specific provision of the CBA is required or if the claim is inextricably intertwined with the CBA. *Dunn v. Astaris, LLC*, 292 F. App'x 525, 526–27 (8th Cir. 2008) (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988) (holding there is no preemption unless state-law claim itself is based on, or is dependent on analysis of, a relevant CBA); *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985) (holding that if state law claim is based on CBA or is "inextricably intertwined" with contents of a CBA, claim is subject to § 301 preemption)).

Defendants argue this case is similar to *Davis v. Johnson Controls, Inc.*, 21 F.3d 866 (8th Cir. 1994). In that case, the plaintiff was terminated after he injured his back and was unable to work. *Id.* at 867. After his back improved, his employer refused to allow him to return. *Id.* The plaintiff brought a disability discrimination claim under the MHRA. *Id.* The employer argued the MHRA claim was preempted by the LMRA because his prima facie case involved interpreting the CBA between the employer and the plaintiff's union. *Id.* at 868. The employer contended that its assessment as to whether it could have reasonably accommodated the plaintiff's disability required "reviewing [the employer's] obligations under the collective-bargaining agreement and, consequently, interpreting the provisions of the agreement relating to seniority rights." *Id.* at 868. The Eighth Circuit found that, even if the plaintiff was correct that the CBA allowed for transfer without alteration of seniority rights, then his claims would "perforce require interpretation of the agreement" and, therefore, his claim was preempted. *Id.*

- 3 -

Thus, in the *Davis* case, reasonable accommodation was central to a discrimination claim under the MHRA.

Plaintiff argues *Davis* has been distinguished by a more recent Eighth Circuit case. In *Markham v. Wertin*, 861 F.3d 748, 751-52 (8th Cir. 2017), the Eighth Circuit reversed a district court's determination that a plaintiff's claims under the MHRA were *completely* preempted by the LMRA. The Eighth Circuit explicitly rejected the defendants' reliance on *Davis*, noting that *Davis* was originally a federal case and, thus, did not address complete preemption in the context of removed actions. *Id.* at 757. *Markham*, however, is not as revolutionary as Plaintiff seems to characterize.

*Markham* reiterated that the Eighth Circuit has repeatedly said "the claim must require the interpretation of some *specific* provision of a CBA; it is not enough that the events in question took place in the workplace or that a CBA creates rights and duties similar or identical to those on which the state-law claim is based." 861 F.3d at 755 (emphasis added) (quoting *Meyer v. Schnucks Markets, Inc.*, 163 F.3d 1048, 1051 (8th Cir. 1998)). In *Markham*, an apprentice sued his union and program supervisor for discrimination under the MHRA. He alleged he was removed from the program because he was disabled and in retaliation for having requested accommodation. *Id.* The Eighth Circuit held that the plaintiff's discrimination claims under the MHRA were not completely preempted by the LMRA because, in part, the CBA spoke "generally" about the relevant committee's authority to assign work but did not cite any *specific* provisions applicable to the plaintiff's situation. *Id.*

Here, Plaintiff alleges the following in his Petition:

> 15. Because Plaintiff needed additional physical therapy, he made a request for a reasonable accommodation.
> 16. Namely, Plaintiff made a verbal request for a leave of absence . . . .
> . . .

> 25. Defendants, by their acts and omissions as alleged *supra*, failed to provide reasonable accommodations to Plaintiff despite his requests for the same.

(Pet. ¶¶ 15-16, 25, ECF No. 2) Defendants have attached a copy of the CBA to their response in opposition and point to specific provisions therein related to "leaves of absence" and "absenteeism." (ECF No. 13-1, at 38-40) Like *Davis*, the Court finds that Plaintiff's claim is preempted by the LMRA because the resolution his failure to accommodate claim will substantially depend on an interpretation of these specific provisions of the CBA.

Additionally, there is a key difference between "disparate treatment" cases and "reasonable accommodation" cases. "In disparate treatment cases, a similarly situated disabled individual is treated differently because of his disability than less- or non-disabled individuals. The key element is discriminatory intent." *Peebles v. Potter*, 354 F.3d 761, 766 (8th Cir. 2004). "In a reasonable accommodation case, the 'discrimination' is framed in terms of the failure to fulfill an affirmative duty—the failure to reasonably accommodate the disabled individual's limitations." *Id.* at 767. Here, Plaintiff claims Defendants discriminated against him by not giving a reasonable accommodation which he defines in the petition as not providing a leave of absence. (Pet. ¶¶ 15-16, 25, ECF No. 2) Accordingly, the Court finds that his claim is more like the accommodation claim in *Davis* than the disability-discrimination claims in *Markham*. *See, e.g., Campbell v. Challenge Mfg. Co., LLC*, No. 4:18-CV-89 RLW, 2018 WL 3233141, at *3 (E.D. Mo. July 2, 2018) (remanding the case to state court after finding the MHRA claim was not preempted by the LMRA because the plaintiff alleged that "his absenteeism was mere pretext for discharging [him] for filing a worker's compensation claim."); *cf. Ferguson v. Spire Missouri, Inc.*, No. 4:18-00734-CV-RK, 2019 WL 362279, at *2 (W.D. Mo. Jan. 29, 2019). Therefore, the Court has subject matter jurisdiction and will retain jurisdiction over this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Tony Cook's Motion to Remand (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants SAF-Holland, Inc. and Mary C. Brown's Request for Oral Argument (ECF No. 14) is **DENIED as moot**.

In accordance with the Court's Order of February 4, 2019, the parties will be directed to submit an amended joint proposed scheduling plan in a subsequent order.

Dated this 30th day of September, 2019.

                                                                             **RONNIE L. WHITE**
                                                                             **UNITED STATES DISTRICT JUDGE**